UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. :
: C.R. NO.: 07-00103-01ML
JUAN PAULA-GARCIA :

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR DOWNWARD DEPARTURE

The Pre-Sentence investigation report for this matter was prepared on November 26, 2007. This report on page 12 indicates an offense level of 22 and a criminal history category of IV, resulting in a guideline range of 63 to 78 months. Defendant argues for a downward departure from this range based on the sentencing factors enumerated in 18U.S.C § 3553 in light of the decision by the Supreme Court of the United States in United States v. Booker, 125 S. Ct. 738 (2005) (holding the federal sentencing guidelines are no longer binding on federal sentencing courts and sentences, therefore, will be reviewed on appeal under a standard of reasonableness) and based on U.S.S.G. § 4A1.3(b)(1).

18 U.S.C. §3553 (a) mandates that "the court shall impose a sentence sufficient, **but not greater than necessary,** to comply with the purposes set forth in paragraph (2) subsection." (Emphasis added) The bolded language clearly delineates that the court is constrained to impose the minimum sentence that will comply with the following purposes: the need for the sentence imposed:

(a) to reflect the seriousness of the offense, the promote respect for the law, and to provide just punishment for the offense;

(b) to afford adequate deterrence to criminal conduct;

(c ) to protect the public from further crimes of the defendant; and

(d) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Also, under 18 U.S.C. §3553 (a)(1) the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

The defendant argues that the Pre-Sentence report prepared in the instant matter elevates the defendant's criminal history 16 levels. This elevation is based on a drug convictions that took place 8 years ago. Said recommendation is made pursuant to Section 2L12(b)(1)(a).

It should be recognized without contradiction that a reality of Mr. Paula-Garcia's plea means immediate deportation to his native homeland of the Dominican Republic.

The defendant respectfully further argues that the 16 level increase as recommended in paragraph 23 of the Pre-Sentence Report over-represents the seriousness of the defendants criminal history and as well as his criminal level.

U.S.S.G. Section 4A1.3 (b) (1) state as follows: '[i]f reliable information indicates that the defendant's criminal history over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

As is noted by the guidelines, marijuana in and of itself is not treated with the same degree of serenity as other narcotic drugs. (i.e. cocaine, heroin, etc.) The defendant expeditiously agreed to plea in the instant matter in order to avoid unnecessary expense and delay on the part of government. A downward departure of two or three level's

would not represent a travesty of justice in this case since the expense of incarceration would seemingly outweigh the defendant's debt to society. This case is a primary example as to why the United States Supreme Court decided Booker, supra. The Court can deviate downward from the 63 months that the government will be recommending. The greatest punishment for Mr. Paula-Garcia will be an inability to live, see and visit with his biological children. For example, Juan, his twelve year old son biological mother passed away in 2003, and is presently experiencing behavioral problems that Mr. Paula-Garcia's present wife is having an extreme difficulty dealing with.

/s/ Joseph J. Voccola
Joseph J. Voccola, Esq. (Bar #4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)

CERTIFICATION

I hereby certify that a true copy of the within was electronically filed to the United States District Court, Office of the Clerk, www.rid.courts.gov and to Mary E. Rogers, Assistant U.S. Attorney, mary.rogers@usdoj.gov on this 3rd day of December 2007.

/s/ Joseph J. Voccola
Joseph J. Voccola, Esq. (Bar #4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02903
(401) 751-3900
(401) 751-8983 (Fax)