**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 07-103ML** |
| | ) | |
| **JUAN PAUL GARCIA,** | ) | |
| **a/k/a Carlos Guerrero,** | ) | |
| **a/k/a Juan Paula, and** | ) | |
| **a/k/a Rafael Feliciano** | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorney, and hereby objects to the Defendant's Motion for Downward Departure for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 28th day of December, 2007, I caused the Government's Objection to the Defendant's Motion for a Downward Departure and Memorandum in Support of said Objection to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Joseph J. Voccola, Esq.
454 Broadway
Providence, RI 02909

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 07-103ML** |
| | ) | |
| **JUAN PAUL GARCIA,** | ) | |
| **a/k/a Carlos Guerrero,** | ) | |
| **a/k/a Juan Paula, and** | ) | |
| **a/k/a Rafael Feliciano** | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

The Defendant has filed a motion for a downward departure in sentencing, requesting that the Court impose a sentence "sufficient, but not greater than necessary" pursuant to 18 U.S.C. §3553(a). The request seeks a sentence that is outside the sentencing guideline range provided under the United Sentencing Guidelines (U.S.S.G.). The government submits this memorandum in support of its objection. The Defendant's history provides no basis for a sentence below the guidelines.

## I. TRAVEL OF THE CASE

The Defendant is a native and citizen of the Dominican Republic. He claims that he first came to the United States when he was 22 years old. His first arrest in the United States also occurred when he was 22 years old, on October 26, 1988, in New York after he attempted to sell cocaine to an undercover police officer. He pled guilty to this crime in December of 1988. Despite the fact that he was in the United States illegally, he was not deported.

In June of 1999, the Defendant was arrested again in New York in possession of more than an ounce of cocaine and approximately 210 pounds of marijuana. The Defendant was not

immediately incarcerated, and in September of 2003, the Defendant was caught in the Western District of Texas, having illegally entered the country from Mexico. He was sentenced to 6 months in prison. The outstanding warrant on the 1999 New York drug case was noted, and on April 13, 2004, the Defendant pled guilty to the charges of possession of more than an ounce of cocaine and approximately 210 pounds of marijuana. The Defendant was found to be a second/persistent/violent felony offender and sentenced to 30 to 60 months incarceration. The Defendant was deported after being paroled on January 6, 2005.

On June 20, 2007, the Defendant was arrested by members of the Rhode Island State Police (RISP) and Department of Homeland Security, Immigration and Customs Enforcement (ICE). On his person was $2,236 in cash. Pursuant to a court authorized search warrant, police seized multiple bags of marijuana, totally 19.36 kilograms or approximately 94 pounds of marijuana. Also seized from the apartment was a digital scale, a wooden grinder and 4 boxes of plastic bags.

On July 18, 2007, the grand jury indicted the Defendant on One Count of Possession with Intent to Distribute Marijuana (Count One) and One Count of Illegally Reentering the United States after having been Deported (Count Two). On September 12, 2007, the Defendant pled guilty to the two count Indictment before this Court.

## II. ARGUMENT

The guideline range for sentencing for this defendant as calculated pursuant to the U.S.S.G. is 63 to 78 months. (PSR ¶ 58). While the guidelines are no longer mandatory, the court must consider them in making a determination regarding a Defendant's sentence.

The Defendant argues that the Defendant's 2004 conviction and finding as a

second/persistent/violent felony offender should not result in a 16 level increase under the U.S.S.G. because the conviction took place more than 8 years ago. The Defendant is mistaken, in that the conviction took place only three and one half years ago. Perhaps the Defendant confused this with the fact that the Defendant committed the crime 8 years prior to the instant offenses. (While the record is not clear, the pre sentence report does support the conclusion that the Defendant fled the 1999 New York charges, and that it was only when he was caught in Texas, in 2003, and the New York warrant was noted, that the Defendant was returned to New York after completing his six month sentence. The Defendant then pled guilty in 2004 to the outstanding New York charges.) In any event, the timing of an aggravated felony conviction is not relevant to the 16 level increase under 8 U.S.C. §§ 1326(a) and (b)(2) (Illegal reentry). U.S.S.G. §2L1.2(b)(1)(A). The Defendant has already received the benefit under the Guidelines, in that his 1988 drug trafficking conviction was not counted pursuant to U.S.S.G. §4A1.1, *Application Note* 1 (A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period.)

This Defendant's record demonstrates that he is a repeat offender, who has come into the United States illegally on at least three occasions; who started drug dealing almost immediately upon first coming into the United States, and who has continued to deal drugs in the United States, having been caught and convicted on three separate occasions. This Defendant has five children from five different relationships, and has never been Court ordered to support any of them. He notes that he voluntarily supports them when his income allows. This Defendant has not learned from prior terms of incarceration. The sentence calculated under the guidelines is

appropriate taking into consideration all of the factors presented in the pre sentence report.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 28th day of December, 2007, I caused the Government's Objection to the Defendant's Motion for a Downward Departure and Memorandum in Support of said Objection to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Joseph J. Voccola, Esq.
454 Broadway
Providence, RI 02909

/s/ MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov